UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BOVA FRESH, LLC, a Florida foreign corporation, | § § § | |
| Plaintiff, | § | C.A. NO.: 7:20-cv-0151 |
| | § | |
| v. | § § | |
| VALVILLA PRODUCE, LLC, a Texas corporation; LUIS VALENCIA VILLA, an Individual, and GABRIELA LUNA, an Individual; and, PRODUCE PAY, INC., a California foreign corporation | § § § § § § | |
| Defendants. | § | |

**COMPLAINT**

(TO ENFORCE PAYMENT FROM PRODUCE TRUST)

Plaintiff Bova Fresh, LLC, a Florida Corporation (hereinafter "Plaintiff"), for its Complaint against Defendants Valvilla Produce, LLC ("Company"), Luis Valencia Villa ("L. Valencia"), Gabriela Luna ("G. Luna") (Company, L. Valencia and G. Luna, collectively hereinafter referred to as Defendants) and Defendant Produce Pay, Inc. ("Produce Pay"), alleges:

JURISDICTION AND VENUE

1.      Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2.      Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claims arose in this District and (b) Defendants' principal place of business is in this District.

<u>PARTIES</u>

3.      Plaintiff, a Florida foreign corporation with its principal place of business in Boca Raton, Florida, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.      The Defendant are:

        a.      Defendant Company is a Texas corporation with a principal place of business in Pharr, Texas, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

        b.      Defendant Luis Valencia Villa.  Upon information and belief, L. Valencia is a managing member of Company who controlled the day to day operations Company and was in a position of control over the PACA trust assets belonging to Plaintiff.

        c.      Defendant Gabriela Luna.  Upon information and belief, G. Luna is a managing member of Company who controlled the day to day operations of Company and was in a position of control over the PACA trust assets belonging to Plaintiff.

        d.      Defendant Produce Pay, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California.

<u>GENERAL ALLEGATIONS</u>

5.      This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6.      During January 6, 2020 and February 7, 2020, Plaintiff sold and delivered to Defendants wholesale quantities of produce, which had been moved in interstate commerce, in

the amount of $284,928.26, which remains unpaid.  Plaintiff's open invoices are attached hereto as Exhibit A.

7.    Defendants accepted the produce from Plaintiff.

8.    At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9.    Plaintiff preserved its interest in the PACA trust in the amount of $284,928.26 by sending invoices to Defendants which contained the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the produce.  See true and accurate copies of Plaintiff's invoices attached hereto as Exhibit A.

10.    Defendants have not disputed the debt in any way and have failed to make payment to Plaintiffs in accordance with the trust provisions of the PACA.

11.    Defendants' failure, refusal, and inability to pay Plaintiffs the undisputed amount owed to Plaintiffs demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

<u>COUNT 1</u>
(FAILURE TO PAY TRUST FUNDS)

12.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.    The failure of Defendants to make payment to Plaintiff of trust funds in the aggregate amount of $284,928.26 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

3

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $284,928.26 to Plaintiff.

## COUNT 2
## (FAILURE TO PAY FOR GOODS SOLD)

14.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.    Defendants failed and refused to pay Plaintiff an amount of $284,928.26 owed to Plaintiff for goods received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of $284,928.26 against the Defendants, jointly and severally.

## COUNT 3
## (UNLAWFUL DISSIPATION OF TRUST ASSETS BY
## A PRINCIPAL – L. VALENCIA)

16.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17.    Defendant L. Valencia, is a managing member, reported principal on the PACA license and registered agent of Company during the period in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

18.    Defendant, L. Valencia, failed to direct Company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

19.    Defendant L. Valencia's failure to direct Company to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a managing member.

20.    As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against defendant, L. Valencia, in the amount of $284,928.26.

COUNT 4
(UNLAWFUL DISSIPATION OF TRUST ASSETS BY
A PRINCIPAL – G. LUNA)

21.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22.    Defendant, G. Luna, is a managing member and reported principal on the PACA license of Company during the period in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

23.    Defendant, G. Luna, failed to direct Company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

24.    Defendant G. Luna's failure to direct Company to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by an officer.

25.    As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against defendant, G. Luna, in the amount of $284,928.26.

## COUNT 5
### (PACA VIOLATION – FAILURE TO MAINTAIN TRUST – ALL DEFENDANTS EXCEPT PRODUCE PAY)

26.     Plaintiff re-alleges paragraphs 1 through 25 as though fully set forth herein.

27.     Plaintiff and Defendants entered into a series of transactions involving Plaintiff's sale and Defendants' purchase of produce between January and February 2020 (the "Sales Period"), each of which are identified in the attached Exhibit A.

28.     During the Sales Period, Company lacked the liquidity or free cash flow to pay Plaintiff for the produce transactions identified in Exhibit A.

29.     During the Sales Period, Company's PACA trust assets were not freely available to satisfy its outstanding obligations to the Plaintiff.

30.     The matters and actions or inactions alleged in this Count 5 constitute violations by Defendants of the PACA trust found in 7 U.S.C. §499e(c).

31.     As a direct result of Defendants' actions and inactions, Plaintiff has incurred damages in the current aggregate amount totaling $284,928.26, plus further interest.

WHEREFORE, Plaintiff requests judgment in the amount of $284,928.26 against the Defendants, jointly and severally.

## COUNT 6
### (BREACH OF CONTRACT – VALVILLA PRODUCE)

32.     Plaintiff re-alleges paragraphs 1 through 31 as though fully set forth herein.

33.     Plaintiff and Company entered into various contracts referenced in the attached Exhibit A.

34.     In each contract, Plaintiff agreed to sell produce to Company and Company agreed, *inter alia,* to purchase Produce from the Plaintiff.

35.     Plaintiff delivered conforming goods to Company and has otherwise satisfied all conditions of said contracts.

36.     Company failed to pay for each shipment of produce referenced in the attached Exhibit A.

37.     As a direct result of the Company's failure to pay for each shipment of Produce identified in Exhibit A, Plaintiff has incurred damages in the current aggregate amount totaling $284,928.26, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

38.     Under Texas Civ. Prac. & Rem. Code §38.001, Plaintiff is entitled to an award of attorney's fees against Company.

WHEREFORE, Plaintiff requests judgment in the amount of $284,928.26 against Company.

<u>COUNT 7</u>
(DECLARATORY JUDGMENT AND DISGORGEMENT– PRODUCE PAY, INC.)

39.     Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein.

40.     Defendant, Produce Pay has received and continues to receive assets that belong to the PACA trust *res* of Company, *i.e.* the proceeds of sales of produce by Company.

41.     Produce Pay has been on notice since at least March 18, 2020 of Plaintiff's claims against Company and Company's breach of the PACA trust.

42.     Produce Pay claims that it is a PACA trust creditor of Company.

43.     If Produce Pay is a PACA trust creditor of Company, Produce Pay is under an obligation to share PACA trust assets *pro-rata* with the Plaintiff.

44.     If Produce Pay is not a PACA trust creditor or Company, it is subject to disgorgement of all PACA trust assets received by Produce Pay since March 18. 2020.

7

45.     A current controversy exists as to the relative rights of Produce Pay and Plaintiff as to the PACA trust assets of Company

46.     Plaintiff is entitled to a declaratory judgment as to the relative rights of Plaintiff and Produce Pay as follows:

        a.     Determination of whether or not Produce Pay is a PACA trust creditor of Company.

        b.     If Produce Pay it determined to be a PACA trust creditor of Company, Plaintiff is entitled to a declaratory judgment as to the relative rights of Produce Pay in the PACA trust assets of Company.

47.     To extent that the Court determines that Produce Pay is not a PACA trust creditor, Plaintiff is entitled to disgorgement of all PACA trust assets received from the proceeds of sales of produce from Company since March 18, 2020.

48.     To the extent Produce Pay is determined to be a PACA trust creditor of Company, Plaintiff is entitled to *pro-rata* disgorgement of all payment received by Produce Pay on PACA trust assets of Company since March 18, 2020 in the proceeds of produce sold by Company.

WHEREFORE, Plaintiff requests a declaratory judgment as to the relative rights of Produce Pay and Plaintiff in the proceeds of sale of produce received by Produce Pay on account of Company's sales of produce and, to the extent that Produce Pay has received PACA trust assets that under law must be paid to Plaintiff, Plaintiff seeks disgorgement of such assets from Produce Pay.

COUNT 8
(INTEREST AND ATTORNEY'S FEES)

49.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 48 above as if fully set forth herein.

8

50.     PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.  Further as additional grounds for recovery of attorney's fees, Plaintiff has sent the required notice to recover attorney's fees under Tex. Civ. Prac. & Rem Code §38.001.

51.     As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

52.     As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

WHEREFORE, Plaintiff requests judgment against each of the Defendants, jointly and severally, for prejudgment interest, costs and attorney's fees.

Dated: June 10, 2020.

Respectfully submitted

STOKES LAW OFFICE LLP

*/s/* Craig A. Stokes
Craig A. Stokes – SBN 19267700
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Telephone (210) 804-0011
Facsimile (210) 822-2595
cstokes@stokeslawoffice.com

*Counsel for Plaintiff, Bova Fresh, LLC*